UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RALIK BAILEY,

               Petitioner,

                                          **ORDER**

     - v -

                                       CV-07-2124 (NG)(VVP)

JAMES CONWAY, Superintendent,

               Defendant.
----------------------------------------------------------------x

       In letters dated September 20, 28 and October 5, 2007, the petitioner has raised various

issues on which the court rules below.

       <u>*Appointment of Counsel*</u>:   A court may appoint counsel for a habeas petitioner under the

Criminal Justice Act when "the interests of justice so require."  18 U.S.C. 3006A(a)(2)(B).  In

deciding applications of this type, courts in this circuit typically consider the same factors as

those applicable to requests for pro bono counsel made by civil litigants.  *E.g., Zimmerman v.*

*Burge*,  492 F. Supp. 2d 170, 176 n.1 (E.D.N.Y. 2007) (citing *Cooper v. A. Sargenti Co.*, 877

F.2d 170, 172 (2d Cir.1989)); *Moultrie v. Marshall*, No. 06 Civ. 5419 (JSR)(HBP), 2007 WL

2608840, at *1 (S.D.N.Y. Sept. 6, 2007); *Vargo v. United States*, No. 06-CV-04846 (NGG),

2007 WL 2366331, at *1 (E.D.N.Y. Aug. 16, 2007) (habeas corpus petition under 18 U.S.C. §

2255).  The factors include "the petitioner's likelihood of success on the merits, the complexity

of the legal issues raised by the petition, and the petitioner's ability to investigate and present the

case."  *Gonzalez v. People*, No. 05 Civ. 9028 (GEL), 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21,

2006) (citations omitted).  Of these, the first is paramount.  *See Cooper v. A. Sargenti Co.*, 877

F.2d at 172.

       Having reviewed the papers submitted thus far in this matter, the court is doubtful about

whether the petitioner's position "is likely to be one of substance."  *Id*.  Moreover, although the

procedural history of the petitioner's claims is extensive, the legal issues do not appear terribly complex and require little investigation. Accordingly, the petitioner's application for appointed counsel is denied.

*Extension of Time to Respond*: The petitioner seeks an additional month to respond to the respondent's opposition to the petition, which would extend the deadline for his submission to November 27, 2007. As the petitioner is a layman and is incarcerated, additional time is warranted and the application is therefore granted.

*Copies of Exhibits and the Trial Transcript*: In the petitioner's September 28 letter, he seeks copies of all exhibits submitted by the respondent in opposition to his petition. In his October 5 letter he advises the court that the respondent has failed to submit to the court a copy of the trial transcript as ordered by the court.

As to the exhibits submitted to the court by the respondent, if copies have not yet been forwarded to the petitioner, the respondent is directed to provide them to the petitioner forthwith. As to the trial transcript, it appears that the petitioner's claims here do not implicate the trial proceedings; rather they are limited to his right to appeal and his right to counsel on appeal. Nevertheless, absent a request for relief from the court's order directing that the transcript be submitted to the court, the respondent is required to abide by the court's order.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
      October 15, 2007